# OCTOBER, 1939.

STATE EX REL., ANDERSON MOTOR SERVICE COMPANY ET AL., RESPONDENTS, v. PUBLIC SERVICE COMMISSION ET AL., APPELLANTS.—134 S. W. (2d) 1069.

Kansas City Court of Appeals. November 20, 1939.

*D. D. McDonald* and *June R. Rose* for respondents.

*James H. Linton* and *Daniel C. Rogers* for appellant Public Service Commission of the State of Missouri.

*H. P. Lauf* and *John O. Bond* for appellant, Perry A. Brooks.

BLAND, J.—This is an appeal from a decree reversing a decision of the Public Service Commission. The cause originated before the Commission on September 11, 1934, when the appellant, Perry A. Brooks, doing business as the Brooks Truck Company, filed his application before the Commission requesting it to grant him, among other things, authority to consolidate his truck lines and to render through freight service intrastate between all points on his numerous regular routes, and to publish through rates.

The facts show that at the time of the filing of his application Brooks possessed seven or eight certificates of convenience and necessity, some of which he had acquired through the operation of the so-called "Grandfather Clause" in the Bus and Truck Act (see section 5277, Laws 1931, p. 315), and others of which he acquired by purchasing the business of other persons owning certificates of convenience and necessity, which had been transferred to Brooks by the Commission under the provisions of section 5268(c), Revised Statutes 1929.

Under his various certificates he was operating truck lines serving sixty or sixty-five towns in Central Missouri and having authority to

transport freight from Kansas City and St. Louis to and from some of these towns but he had been prohibited by the Commission from transporting merchandise between Kansas City and St. Louis and between those cities and certain of the sixty or sixty-five towns between some of these towns. The granting of the application to Brooks would permit him to engage in the transportation of property between St. Louis and Kansas City theretofore specifically denied and between certain other points likewise theretofore specifically denied.

After due notice to all of the interested parties a trial was had in Jefferson City, at which hearing Brooks, respondents (protestants) herein and numerous other protestants, participated and submitted testimony. On January 2, 1935, the Commission, by its report and order, granted the applicant the authority sought except between points where protestant motor carriers were furnishing service. The Commission filed a written opinion which was concurred in by all of its members.

Thereafter, the applicant filed a motion for a rehearing and on January 25, 1935, the Commission, by its Supplemental Report and Order, reversed the first order and found that the applicant was entitled to all of the authority he requested. A written opinion was rendered which was concurred in by four of the Commissioners, one being absent. To this Report and Order of the Commission, all of the respondents in this appeal and other protestants, filed a motion for a rehearing. Thereafter, on the 21st day of March, 1935, the Commission issued a second Supplemental Report and Order, substantially reinstating the first order with some minor changes. The opinion of the Commission in this instance was concurred in by three Commissioners, one of whom wrote a separate opinion. A dissenting opinion was written by one of the Commissioners, the other concurring in the result reached in the dissenting opinion. The dissenting opinion held, in effect, that the applicant was entitled to the relief sought in his application.

To the second Supplemental Report and Order the applicant, Brooks, filed a motion for a rehearing. The Commission, on May 27, 1935, issued its Supplemental Report and Order No. 3, sustaining the motion for rehearing and giving Brooks all of the relief that he asked for. The opinion was concurred in by two of the Commissioners, one Commissioner concurring in a separate opinion and two dissenting in an opinion. The dissenting opinion follows, generally, the reasoning of the majority opinion in the second hearing.

The respondents and other protestants filed a motion for a rehearing and, on August 30, 1935, the Commission again issued its Supplemental Report and Order No. 4, reversing the majority opinion in the last hearing and taking away the authority that it had granted to the applicant. The Commission adopted the dissenting opinion filed in connection with Supplemental Report and Order No. 3,

three Commissioners concurring and two dissenting in an opinion holding that the applicant was entitled to the relief sought in his application. (It might be stated that the reversals of its rulings by the Commission were not due wholly to a change of mind of any of the Commissioners but largely to changes in personnel of the Commission.)

In due time Brooks filed a motion for a rehearing which was overruled on the 24th day of February, 1936, and the case was removed to the Circuit Court of Cole County by a writ of *certiorari* applied for by Brooks. On April 16, 1936, the circuit court rendered its decree finding: "Perry A. Brooks, by all the evidence produced, was and is entitled to a consolidation of his truck system and that the shipping public will be benefited by granting the authority that the applicant seeks. The court finds that protestants did not submit any testimony showing that it would not be a public benefit to the shipping public to grant the authority applied for. The court further finds that applicant did not have to prove public convenience and necessity in that the law required him to prove public benefit only, which burden applicant fully sustained by all of the evidence submitted and to which protestants offered no proof. The court finds that applicant under the facts, evidence and the law is entitled to the authority sought in his application and that the majority opinion of the Public Service Commission is, therefore, arbitrary, unreasonable, unlawful and capricious and against the law and, therefore, said order violates the discretionary power of the Commission, is arbitrary, unreasonable and without a just or reasonable basis.

"Wherefore, it is the order, judgment and decree of the court that said order and majority opinion be set aside, and the cause be reversed and remanded to the Public Service Commission of this State for further action."

From this decree, the Public Service Commission and the protestants appealed to this court, where the decree was affirmed upon a motion of the respondents in said appeal on account of the failure of the appellants to comply with sections 1027 and 1028, Revised Statutes 1929, regarding the filing of transcripts in this court.

Thereafter, the Commission, on January 6, 1937, issued Supplemental Report and Order No. 5. This Supplemental Report and Order recites that, in the decree of the circuit court, which was affirmed by this court, "The majority opinion of the Commission was set aside and the cause reversed and remanded to the Commission by that court. . . .

"The mandate issued by the Circuit Court of Cole County contains the finding that the relief sought by the applicant company should have been granted, in effect sustaining the finding of the dissenting opinion (filed in connection with the issuance of Supplemental Report and Order No. 4.)

"Since this cause has been reversed and remanded to the Commission by the circuit court, the majority opinion having been set aside by that court, as being arbitrary, unreasonable and unlawful, it is the opinion of the Commission that in view of the extended hearing held in this cause of action, and since there was no finding by the circuit court that the commission had failed to receive testimony properly proffered, the Commission should adopt the minority opinion in this cause and set aside the report and order of the majority opinion, Supplemental Report and Order No. 4, as directed by the mandate of the circuit court, and it will accordingly be so ordered."

To this report all of the Commissioners concurred except one, who dissented, but he filed no dissenting opinion. In due time the protestants filed their motion for rehearing. This motion for rehearing contained the same matter that had theretofore been raised by the respondents and protestants in the last motion for rehearing that they had filed before the Commission and, in addition, respondents complained in said motion that they had no notice of the filing of the Supplemental Report and Order No. 5 and, further, that "these protestants (applicants for rehearing) have never been accorded their 'day in court' in introducing evidence and in examining witnesses in order that the Commission might determine whether the public convenience and necessity will be served by the issuance of the certificate as issued in the Supplemental Report and Order No. 5 above mentioned", and that the report had been made "without these protestants (applicants for rehearing) ever having an opportunity to examine witnesses or offer evidence concerning the public convenience and necessity, if any, to be promoted by such service."

In June, 1937, the Commission overruled protestants' motion for rehearing. All of the Commissioners concurred except one, who dissented without filing an opinion. Thereafter, the cause was removed to the Circuit Court of Cole County by writ of *certiorari* issued at the instance of protestants. Thereafter, Brooks filed his application in the circuit court to be made a party respondent, which was sustained, and he filed a motion to dismiss protestants' petition for *certiorari*. Thereafter, respondents (protestants) filed a motion for change of venue, based upon the bias and prejudice of the judge, which was sustained and the Honorable Ransom A. Breuer, another Circuit Judge, was called in as special judge to try the case.

Thereafter, the cause was duly tried and the court rendered a decree reciting: "The court being fully advised finds that in issuing Supplemental Report and Order No. 5 the Public Service Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts, to-wit, that the shipping public will be benefited by granting the authority sought, and that the Public Service Commission did not

find that public convenience and necessity required the through service authorized in said Supplemental Report and Order No. 5.

"Wherefore, it is the order, judgment and decree of the court that said order be set aside and for naught held, and the cause remanded to the Public Service Commission for further proceedings."

There was no evidence introduced in the case except upon the first hearing, the various reports and orders thereafter made being based upon that evidence. Evidence was introduced by Brooks showing that, under his then existing authorities granted to him by the various certificates of convenience and necessity, he was not permitted to transport freight from a point on one of his routes to a point on another without making a transfer of such shipment from one vehicle to another at a junction point; that in operating in that manner he charged a combination of two local rates which was much higher than the proposed through rate between said points and that such transfer at the junction point resulted at times in damage to the shipments; that it required additional employees with consequent increased labor costs; that it created extra hazards and breakage by reason of the extra handling and resulted in his operating costs being increased needlessly, to the detriment of his service and the shipping public.

A number of shippers testified in behalf of Brooks to the effect that they desired to use the transportation service being rendered by him but that they had not been using it because they were obliged to pay the combination local rates, which were higher than the through rates; that if Brooks be permitted to give through service and charge through rates the service would be benefited and it would avoid transfer of shipments while in transit, which would be beneficial to the public inasmuch as delay frequently accrues in shipments through transfer.

Protestants' evidence tended to show that they were the authorized carriers to serve and were serving some of the 60 or 65 towns and that the service which they were rendering the towns and, especially, between Kansas City and St. Louis, was adequate and efficient; that to permit the proposed service would subject them to additional competition and reduce their revenues when they then had additional and unused equipment and when their business and revenues had been falling off. There was no evidence that they were not giving adequate service.

During the hearing before the Commission respondents (protestants) contended that the Commission could not grant the request for authority to Brooks unless he showed that public convenience and necessity would be promoted by the proposed service; that even though the Commission found that Brooks was not required to show convenience and necessity (see section 5268(a), Laws 1931, p. 307) as distinguished from public benefit (see section 5268(c), Laws 1931,

p. 308), before the Commission could find that the public would be benefited by the proposed service, it must find that the then existing service was inadequate, inefficient, or not convenient; that if the Commission found that a motor carrier now serving the public was not giving convenient, efficient and sufficient service, before it could grant a certificate to another over the same route the Commission was required to give such carrier a reasonable time within which to render proper service. It was also contended that Brooks had been violating the orders of the Commission in taking shipments to move over two routes or parts thereof, charging a combination of local rates and transferring the shipments from one truck to another at the junction of such routes.

This view was adopted by those of the Commission who favored the denial of the authority sought by Brooks. However, those who were of the view that the authority sought in Brooks' application should be granted were of the opinion that the matter should be reviewed in a different light than where the original application for convenience and necessity, which is covered by section 5268(a), Laws 1931, p. 307, is applied for, in that, it was not a question of placing another carrier in the field because Brooks, the applicant carrier, was already in the field; that ''denying to the shipping public the right to ship over certain of the available routes can only mean that the official acts of that body have reached such extent as to dictate to the shippers the carrier's service that the shipper will use regardless of the service that is being given by the carriers in the field in question;'' that section 5268(a) should not be considered to the exclusion of other provisions of the act; that sub-section (c) of section 5268 and section 5280 (see Laws 1931, p. 316) also were to be examined (Section 5268(c) provides that when a motor carrier transfers his business or assets or any part thereof, the Commission shall transfer to the purchaser the seller's certificate of convenience and necessity if the Commission shall be of the opinion that the purchaser is qualified in all respects to conduct the business of a motor carrier, and that ''in the event of such purchase, when there is a consolidation of one or more certificates of convenience and necessity and *when through service will be beneficial to the public*, such through service may be permitted'') (Italics ours) ; that, as it is shown that the convenience and the interest of the public would be promoted by the granting of the application, with no objection to the action on the part of anyone other than competing truck lines and railroad companies, the application should be granted and that ''it is very evident that the regulatory body must consider public convenience and necessity and to hold that through routes and through rates are not a benefit and of public necessity must be treated as an illusory cognition.''

It is insisted by the appellant, Brooks, that the decree rendered by the Circuit Court of Cole County on the 16th day of April, 1936, was

*res adjudicata* of all of the issues involved in the case as now presented; that "since this identical case has been before this court before and the former judgment of the Circuit Court of Cole County affirmed, the only issue that can now be before the court is whether or not the last order of the Public Service Commission conforms to the prior adjudication. . . . We conclude that even though the first decision of the circuit court was erroneous the special judge on the second appeal had no right to ignore it and proceed to try the case anew."

It is stated in *Corpus Juris*: "Where a decision by an intermediate court is appealable to a higher court but such appeal is not pursued, the decision of the intermediate court is the law of the case in all subsequent proceedings, and it has even been held that the decision of a trial court is not subject to review before another judge of the same court when the point ruled on is presented in a subsequent stage of the same case." [4 C. J., pp. 1103, 1104. See, also, Winter v. Supreme Lodge of K. of P., 101 Mo. App. 550; 34 C. J., pp. 748, 750, 752, 759, 773, 774, 878, 879, 915.]

It is quite apparent that the decree of the Circuit Court of Cole County, rendered on the 16th day of April, 1936, whether correct or erroneous, became the law of the case and that the Commission could not, in any subsequent hearing, deny the application of Brooks if the facts remained substantially the same as those appearing in the hearing had before the Commission on which its various reports and orders were based.

However, the decree did not finally dispose of the case, and if a new or different state of facts should be developed the Commission would be at liberty to arrive at a conclusion at variance with the decree. "The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants. But in the absence of evidence to the contrary the facts as they existed at the time of the former judgment will be presumed to continue." [34 C. J., p. 905.] "The true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon the determination of a particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise not." [34 C. J., p. 915.] "As a general rule the doctrine of law of the case applies to all questions of law identical with those on the prior appeal, and on the same facts, and to such questions only. The doctrine is rarely, and in a very limited class

of cases, applied to matters of evidence as distinguished from rulings of law, and a decision on appeal on a question of fact does not generally become the law of the case, nor estop the parties on a second trial from showing the true state of facts.'' [4 C. J., pp. 1106, 1107.]

It is therefore, apparent that the decree of the court rendered on the 16th day of April, 1936, was not the law of the case if a different state of facts should be presented to the Commission. It is true that the decree makes certain findings. However, it must be construed as a whole to ascertain what was its effect. [34 C. J., pp. 501, 502.] Under the statute, section 5234, Laws 1937, p. 433, no new or additional evidence may be introduced on the hearing in the circuit court in reviewing a decision of the Commission and that court may not inquire into it any further than to ascertain its reasonableness or lawfulness. The circuit court has no power to interfere with the decisions of the Commission except to affirm, reverse, or reverse and remand and when a decision is reversed and remanded, it is remanded to the Commission ''for further action.''

Upon review by the circuit court the question to be inquired into is only that of the reasonableness or lawfulness of the order, and to warrant a reversal of the order upon the ground that the same is unreasonable, it must appear that the action of the Commission was arbitrary, capricious and without reasonable basis and the burden to show this is upon the party seeking a reversal of the action of the Commission. After the court has made its own finding of facts, the only application it can make of such finding is to determine whether the order under review is reasonable and lawful, and if the court finds the order to be both reasonable and lawful, it becomes its duty to affirm it, whereas, if it finds that it is either unreasonable or unlawful, then it must set the same aside and, in its discretion, remand the case to the Commission for such further action as that body may see fit to take. [State ex rel. v. Public Service Commission, 129 S. W. (2d) 69, 72, and cases therein cited.]

In construing a judgment, the legal effect, rather than the mere language used, governs. [34 C. J., p. 502; Tutt v. Fighting Wolf Mgn. Co., 209 S. W. 304.] In construing the decree in question, we find that it was merely a reversal and remanding of the cause to the Commission for further action on the ground that the decision of the Commission was unreasonable and unlawful.

The court has no authority to direct the Commission what order to make or to grant the authority sought by the application. The court cannot modify the decree or entirely displace it with one of its own or attempt to tell the Commission what its action should be, except when the Commission has excluded evidence that it should have received the cause may be remanded with directions to hear such evidence and to make an order as provided by section 5234. [State ex rel. v. Public Service Commission, 324 Mo. 270.] The

Legislature did not intend that the reviewing court should put itself in the place of the Commission, try the matter anew as an administrative body, weigh the evidence and substitute its finding and judgment on the merits as that of the Commission. The sole matter for the court's attention is whether the order complained of is reasonable and lawful, and, if it appears that the order is both reasonable and lawful, it must be affirmed; if it be found to be unreasonable or unlawful, it must be set aside. [State ex rel. Kansas City Power & Light Co. v. Public Service Commission, 76 S. W. (2d) 343.]

The decree in question, therefore, will not be construed as a direction to the Commission to find for the applicant or to sustain the finding of the dissenting opinion, but as setting aside the order of the Commission and directing it to further proceed in the case.

When the case reached the Commission it did not set down the case for further hearing but it issued its report and order finding that in view of the extended hearing that had been held in the case, the Commission should adopt the minority opinion and set aside the report and order of the majority opinion, Supplemental Report and Order No. 4, ''as directed by the mandate of the Circuit Court.''

Thereafter the protestants filed a motion for a rehearing complaining, among other things, that no notice had been given them of the issuance of the Supplemental Report and Order No. 5 and asking that they be set aside so that the protestants might introduce evidence and examine witnesses.

We feel that the decree of the circuit court from which this appeal was taken must be affirmed for the reason that the Commission arbitrarily exercised its authority in issuing Supplemental Report and Order No. 5. It is the duty of the court to set aside such an order if it was arbitrarily made. [State ex rel. v. Public Service Commission, 76 S. W. (2d) 343, 351.]

It appears that the business of the protestants would be vitally affected by the granting of the authority sought in the application. The Commission recognized this when it notified them of the hearing in the first instance and permitted them to be heard in the same manner as interested parties are notified and heard when an original certificate of convenience and necessity is applied for under the provisions of section 5268(a) providing notice to interest motor carriers. There is no express provision in the statute section 5268(c) for notice when there is a consolidation of certificates of convenience and necessity upon the sale of a part or the whole of the business or assets of a motor carrier under said sub-division of said section and through service is sought by the purchaser. However, in the case at bar, Brooks, was seeking to consolidate routes, some of which were consolidated under original certificates as well as transferred certificates. We are not called upon to decide whether notice to interested carriers is required when through service is sought under transferred cer-

tificates but notice to interested parties is expressly provided for in section 5268(a) when original certificates are applied for and section 5268(a) although, in terms, merely refers to original certificates, is the only one in the Bus and Truck Law which can be construed as covering applications for a consolidation of original certificates and routes. Such consolidations, in effect, provide for the establishing of a new route or routes. "The statute requires that the Commission give notice to all interested parties of the time and place of its hearings." [State ex rel. v. Public Service Comm., 97 S. W. (2d) 116, 118. See, also, State ex rel. v. Publ. Serv. Comm., 335 Mo. 1248, 1266.]

It was, therefore, the duty of the Commission when the case reached it from the circuit court to have set the case down for hearing and to have notified the interested parties.

This case is in many respects similar to Brocco v. May Dept. Stores Co. et al., 227 Mo. App. 395. This was a compensation case. The basis of the award of the Compensation Commission was the finding that deceased had not sustained an accidental injury arising out of and in the course of his employment which contributed to or caused his death. In due course an appeal was taken by the claimant to the circuit court, where the award of the Commission was reversed upon the ground that the facts found by the Commission did not support the award and that there was not sufficient competent evidence in the record to warrant the making of the award. The cause, in effect, was remanded to the Compensation Commission for further proceedings. When the cause reached the Commission no notice was given the parties of the Commission's intention to make a new order, no further hearing was had, the Commission, evidently, using the evidence already taken as a basis for its findings, entered an award finding in favor of the claimant and against the employer and insurer. On final entry of such order the employer and insurer filed their application for review upon the ground, among others, that in making the award without notice and without a hearing upon the issues involved, the Commission had acted in excess of its powers and had misconceived and violated the terms of the mandate of the circuit court remanding the cause to the commission for further proceedings. On the same day the employer and the insurer filed their motion to set aside the final award on remand, basing their motion upon the same grounds as were set up in their application for review. The Commission denied both the application for a review and the motion to set aside the award. The ruling of the Commission was as follows:

"As to the motion to set aside the award, the commission does not believe that their action was contrary to law and to the decision and decree of the circuit court. In the decision of the circuit court it found (1) that the facts found by the commission do not support the award, and further found (2) that there is not sufficient com-

petent evidence in the record to warrant the making of the award. We construe this to mean in effect that the award as made was in error, and under the evidence an award should have been made in favor of the claimant. Therefore, when the court reversed our award and remanded the proceeding to this commission 'for further proceedings and award not inconsistent with this decision and judgment,' it was the duty of this commission to enter an award in accordance with said decision and judgment, and the parties did not have a right to have the case heard *de novo* or to present any additional testimony. Furthermore, under our interpretation of the law and of the decision of the circuit court, it was not necessary for the commission to notify the parties of their intention to make said award. 'Therefore, this is to notify all parties that the motion of the employer and insurer to set aside the final award on remand is hereby denied.' '' [Brocco v. May Department Stores Co. et al., *supra*, 1. c. 400, 401.]

The court in ruling upon the question presented in the appeal stated: ''The general subject of what an inferior tribunal may and must do upon the remand of a case to it from a superior court is by no means a new one in this jurisdiction. If the appellate court remands the case with specific directions to the trial court to enter a specific judgment or to pursue a certain course, the trial court has no discretion but to act accordingly. It is said that the mandate is in the nature of a special power of attorney; and that the trial court, upon its receipt, is without the power to enter any other judgment or to consider and determine any other matter than what is necessarily included in the duty of following the directions given.

''But of course such general considerations apply only in the event the case is remanded with directions; and if there is a single reversal and remanding, then the limitation upon the power of the court does not obtain. Under such circumstances the pleadings may be amended, new parties may be brought in, and the case tried anew, save only that the decision of the appellate court is the law of the case upon the second trial. The very purpose of remanding the case is that the issues of fact may be correctly tried, and if the identical condition of the case presents itself as on the former trial, then the trial court will take such action as may have been theretofore ruled to be proper by the appellate court. A simple order remanding a case with directions is no indication that judgment should at once be entered, since the court, in the legitimate exercise of its jurisdiction, could not direct a judgment upon contested issues of fact, but rather such an order is evidence that the case should be tried again in the light of the knowledge and experience gained both by the court and by the parties in the interval. . . . Ample authority for all of the above will be found in such well considered cases as Murphy v. Barron, 286 Mo. 390, 228 S. W. 492; Case v. Espenschied, 188 Mo. 725, 87 S. W. 987;

Wilcox v. Phillips, 260 Mo. 664, 169 S. W. 55; Sheppard v. Wagner, 240 Mo. 409, 442, 144 S. W. 394, 145 S. W. 420; Barber v. Hartford Life Insurance Co., 279 Mo. 316, 214 S. W. 207; and Rock Island Implement Co. v. Corbin, 98 Mo. App. 489, 72 S. W. 728. . . .

"The act itself provides that if the court remands, it shall be for rehearing, and the commission was not warranted in attributing a meaning to the judgment of the circuit court which it would have been powerless to have entered. In other words, the circuit court was acting only as a court of review; its power of review was expressly limited to questions of law; and it would have been powerless to have made a finding of fact, or to have directed an award for either party. . . .

"What the judgment of the circuit court meant was that upon the record as it stood the facts found by the commission did not support the award, and that there was not sufficient competent evidence in the record to have warranted the making of the award. Whether or not the circuit court was correct in its decision is not now in issue and could have been determined only by a timely appeal from its judgment. In remanding the case generally, it did so far a rehearing as provided by the statute, which left the case pending as though it had never been heard by the commission, save that if upon the second hearing the facts were the same as upon the first, then the commission would be governed in making its award by the conclusions of the circuit court in its judgment and decision. And not only did the remanding order call for a rehearing and for the case to be retried as though it had never been heard, but the commission was further required to 'notify the parties at issue of the time and place of such hearing' as provided by section 3338, Revised Statutes 1929 (12 Mo. Stat. Ann., sec. 3338, p. 827). However, it did neither; and in so proceeding, regardless of the undoubted high character of its motives it acted without and in excess of its powers. . . . When the case was remanded generally, it was reopened for the taking of evidence anew, and for the introduction of additional evidence, if the parties so desired. . . .

"Of course we do not mean to be understood as holding that in every case a rehearing of each and every issue is required. In this particular case it happened that the employer and the insurer had denied each and every allegation made in the claim for compensation. In the usual case this is not the situation. Often many facts essential to the prosecution of the claim in the first instance are conceded or admitted, and the employer and the insurer contest only certain features of the case. . . .

"It follows that the judgment of the circuit court should be reversed and the cause remanded with directions that a new judgment be entered, reversing the award of the commission and remanding the cause for rehearing." [Brocco v. May Department Stores Co. et al., 227 Mo. App. 400, 401, 402, 403, 404, 405.]

Section 3342, Revised Statutes, 1929, prescribes the action that the circuit court may take upon a hearing upon an appeal in a compensation case and states, specifically, among other things, that it may "remand for rehearing." This language is somewhat different from that contained in the section providing for reversal by the circuit court in Public Service Commission cases. Section 5234, Laws 1937, page 433, governing reviews of Public Service Commission cases provides, among other things, that the circuit court may remand a case "for further action." We are of the opinion that the words "for further action," as used in the statute, must be construed, in a case like the one before us, to mean "for further hearing." As we have already indicated, the decree of the court in reversing and remanding the cause to the commission is the law of the case and the commission has no power to enter any order in conflict therewith, except upon facts substantially different than those that had been theretofore presented to the commission. It will be borne in mind that the court has no authority to direct the commission what order it shall make when a case is remanded to it. Therefore, it must necessarily follow that when a case of this kind is remanded it must be for further hearing on the part of the commission. Consequently, the words "for further action," as used in the statute, must be construed in this case to mean "for further hearing or rehearing."

It is insisted, however, that the decree, now under review, is erroneous for the reason that it sets aside Supplemental Report and Order No. 5 on the ground that the commission substituted the finding of facts made by the circuit court for its own finding of facts, whereas, Supplemental Report and Order No. 5 shows that the commission did not adopt the finding of facts made by the court but made its own finding of facts as detailed in the minority opinion mentioned therein. An examination of the minority opinion shows a finding of facts was made by the commission. There is some language in the Supplemental Report No. 5 indicating that the commission adopted the dissenting opinion in the cause because the circuit court had directed the setting aside of the majority opinion and the adoption of the minority opinion. However, there is also language in the report indicating that the commission was of the opinion that it could hear the case further, notwithstanding the decree of the circuit court, but that it did not care to hear it further because of the extensive hearing already held. Supplemental Report and Order No. 5 does not directly substitute the findings made by the court for its own, and whether its effect was to do so, because it neglected its duty to conduct a further hearing in the cause and to make its own findings after a new hearing, we· need not say for, even though the reason given by the court for setting aside Supplemental Report and Order No. 5 may have been the wrong one, it is the duty of this court to affirm the decree, if it can do so on a right theory. [Punton v. United States Life Ins. Co., 213 Mo. App. 49.]

From what we have said it was clearly the duty of the court to have set aside Supplemental Report and Order No. 5, and the judgment should be affirmed. It is true that the decree appealed from does not, in terms, find that the order was unreasonable and unlawful, yet, this is the effect of the judgment taken as a whole. Judgments must be construed as a whole and the legal effect, rather than the mere language used, governs. [34 C. J., pp. 501, 502.] In cases of ambiguity or doubt, the entire record may be examined and considered. Judgments are to have a reasonable intendment. Technical terms of a judgment cannot be limited or controlled by the opinion of the court. [34 C. J., pp. 501, 502, 503.]

It is claimed that the decree of the lower court is void because the court did not have jurisdiction, as no change of venue is provided for in an appeal from decisions of the Public Service Commission.

There is no expressed provision for a change of venue in the Public Service Commission Act. However, section 5234, providing for review by the circuit court of orders and decisions of the commission, states that, in reviewing the same, they "shall be tried and determined as suits in equity." Undoubtedly, the proceedings in the circuit court are civil suits within the meaning of the change of venue statute (section 907, Revised Statutes 1929) and a change of venue on account of the bias and prejudice of the judge was properly allowed. [The St. Louis Oak Hill & C. Ry. Co. v. Fowler, 113 Mo. 456, 457; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Knight, 224 Mo. App. 761, 765; The State v. Yeager, 250 Mo. 388; State ex rel. v. Denton, 128 Mo. App. 304.]

We have examined the cases cited by appellants on this point and find them of no aid to them. The judgment is affirmed. All concur.

## DISSENTING OPINION.

SHAIN, P. J.—We cannot concur in the majority opinion herein.

This case originated before the Public Service Commission of Missouri on September 11, 1934. On the 26th, 27th and 28th of November, a full hearing was had before the Commission. Thereafter, within a year and a half, there were five rehearings before the Commission which resulted in five different decisions.

Thereafter, the matter was certified to the Cole County Circuit Court, and on the 16th day of April, 1936, the Cole County Circuit Court entered its order, judgment and decree which are set forth in the majority opinion herein.

Thereafter, an appeal was taken to this court. On the 20th day of November, 1936, at its October term, the court dismissed the appeal for failure to perfect the same and issued its mandate affirming the judgment of the Circuit Court of Cole County, Missouri.

The abstract of the record of the proceedings before the commission is a volume of over 900 pages wherein is shown a most exhausting inquiry into all issues presented.

After the mandate of this court, affirming the judgment of the Cole County Circuit Court, reached the commission that body concluding that the judgment of the Cole County Circuit Court as affirmed by this court conformed to a dissenting opinion of one of the commissioners, gave re-consideration and adopted said dissenting opinion as the opinion of the commission and made its orders and decrees accordingly, same being designated as Supplemental Order No. 5. Said order was made on January 6, 1937.

Thereafter, motion for rehearing, as to Supplemental Order No. 5, was filed and overruled by the commission and thereafter an appeal was allowed and matter certified to the Circuit Court of Cole County, Missouri.

After the matter was lodged in the aforesaid circuit court, a change of venue was taken from the judge who had rendered the judgment upon which Supplemental Order No. 5 was based and another circuit judge was called and reviewed the cause.

This cause was heard on appeal in the Cole County Circuit Court on May 3, 1938, said day being one of the days of the February term of said court.

At the conclusion of the hearing, the following entry was made by the court:

"Now on this 3rd day of May, being one of the days of the regular February Term of the Circuit Court of Cole County, Missouri, this cause having heretofore been heard, by the Court taken under advisement, and the Court being fully advised finds that in issuing Supplemental Report and Order No. 5 the Public Service Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts, to-wit, 'that the shipping public will be benefited by granting the authority sought,' and that the Public Service Commission did not find that public convenience and necessity required the through service authorized in Supplemental Report and Order No. 5.

"WHEREFORE, it is the order, judgment and decree of the Court that said order be set aside and for naught held, and the cause remanded to the Public Service Commission for further proceedings."

An appeal from the judgment was duly taken and the matter is before us for review.

An examination of the record herein discloses that the application for review upon which this review is based conforms very closely to other applications that furnished the basis of the multiple hearings and findings shown in the record. In other words, the same issues seem to be declared upon and the same facts involved as were in

the case decided by the Cole County Circuit Court and affirmed by this court aforesaid.

The application for review does not point out the character or nature of any evidence that will throw further light upon the issues involved.

From the showing of the record, we can but conclude that by a circuitous route based upon the same facts and issues, the findings and orders of the Public Service Commission, based upon the judgment of one circuit judge and affirmed by an appellate court, are nullified by a presto change of judges occasioned under the change of venue law.

From an examination of the record, we conclude that the judgment of the Circuit Court of Cole County, appealed from, is not responsive to the issues and does not come within the province of a review by the circuit court of the orders and decrees of the commission.

There is nothing in the judgment appealed from that declares that the opinion of the commission is arbitrary, unreasonable, unlawful and capricious or against the law and, therefore, is in conflict with: State ex rel. Jenkins v. Brown, 323 Mo. 382, 19 S. W. (2d) 484; State ex rel. Kansas City Power & Light Co. v. Public Service Commission, 335 Mo. 1248, 76 S. W. (2d) 343.

We conclude that the majority opinion herein overlooks the fact that this is a review of the finding and orders of a legislative agency as distinguished from a review of a court. In reviewing a judgment of the trial courts, our appellate courts can remand with absolute directions as to entry and proceeding. This is not so in the review of the Workmen's Compensation Commission, for the reason that to allow our appellate courts to do so would be contrary to and would interfere with the underlying principle of the coordinate branches of government. If our courts had such power, the door to encroachment of the judiciary upon the legislative branch of government would be thrown wide open.

Our courts cannot make findings of facts for the commission and have no power to grant certificates of public necessity and convenience, and the writer finds no authority whereby courts can compel the commission to re-open matters for further testimony. To grant or not grant a rehearing and permit further testimony, we conclude, is within the sound discretion of that legislative agency, to say the least.

It does not take a Solomon to ascertain from the record before us that the real object of the respondent is to force the commission to re-open the case for the purpose of further testimony. As to such, we find, even admitting the right, no good cause is shown. When we view the volume of testimony already had in this case, we con-

clude the power of discretion, which we conclude the commission has, is wise.

In consideration of that portion of the judgment entry of the circuit court, to-wit, "in ensuing Supplemental Report and Order No. 5, the Public Service Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts," we conclude that this is without the scope of the judicial branch in reviewing the findings and conclusions of a legislative agency.

Within the limited scope of the review prescribed by constitutional provisions and defined by Statute, wherein the question is limited to "unreasonable or unlawful," a court of review must of necessity reach its conclusions on premises that justify its conclusion. Touching such a situation, we deem it unwise to so depreciate judicial opinion and so restrict legislative agency as to not permit the commission to give due consideration of the judicial utterances in making its finding of fact.

We conclude that if the language as used in the opinion, *supra,* be allowed to stand as the law of this State, that the same will work an inhibition upon the Commission which, in effect, tells that body that it must ignore judicial utterances.

We conclude that the review of this case by the Circuit Court of Cole County goes beyond the scope of authority conferred upon that court, and that the judgment rendered by said court does not come within any issue reviewable by the court, in that consideration of it being "unlawful or unreasonable" is shown as not considered or determined in said judgment.

We conclude that the judgment should be reversed.

We conclude that the majority opinion of this court is in direct conflict with the latest utterances of the Supreme Court of Missouri as expressed in: State ex rel. Jenkins v. Brown, 323 Mo. 382, 19 S. W. (2d) 484; State ex rel. City of St. Louis v. Public Service Commission, 335 Mo. 448, 73 S. W. (2d) 393; State ex rel. Kansas City Power & Light Co. v. Public Service Commission, 335 Mo. 1248, 76 S. W. (2d) 343.

We, therefore, ask that this cause be transferred to the Supreme Court of Missouri.