M. Alice CHOATE, Respondent,

v.

**STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE,**
Appellant.

No. 7567.

Springfield Court of Appeals.

Missouri.

Nov. 21, 1956.

John M. Dalton, Atty. Gen., Harold L. Henry, Richard W. Dahms, Asst. Attys. Gen., for appellant.

Paul E. Carver, Neosho, for respondent.

McDOWELL, Presiding Judge.

The State Department of Public Health and Welfare prosecutes this appeal from a judgment of the Circuit Court of Newton County, Missouri, rendered May 5, 1956, which decreed that said cause be remanded to the State Department of Public Health and Welfare for redetermination. The judgment stated that Martha A. Choate, the petitioner, held title to the property in question in trust for her son, Aaron C. Choate, and was not the equitable owner thereof; that she did not sell said property without receiving a fair and reasonable consideration and that the decision of the Director of the State Department of Public Health and Welfare is arbitrary and unreasonable, and is not supported by substantial evidence.

The facts show that M. Alice Choate, respondent, was striken from the Old Age Assistance rolls in February, 1955, on the basis that she had made a transfer of property without receiving a fair and valuable consideration therefor, for the purpose of rendering herself eligible or increasing her needs for old age assistance. From this decision she appealed to the Department of Public Health and Welfare. A hearing was held on June 8, 1955, and, on June 29, 1955, the Director of the Department of Public Health and Welfare found respondent was ineligible to receive benefits on the basis that she had made an assignment or transfer of property for the purpose of rendering

herself eligible for old age assistance, or to increase her needs for benefits. Respondent appealed to the Circuit Court of Newton County where a judgment was rendered October 10, 1955, remanding the case to the Department of Public Health and Welfare for redetermination of the issues on the basis that the decision was arbitrary and unreasonable.

A hearing was held before the Referee on January 26, 1956, for redetermination of the issue and the Department of Public Health and Welfare rendered a decision holding respondent transferred her property without receiving a fair and valuable consideration as required by the statute, section 208.010 Cum.Supp.1955, V.A.M.S., and that she was ineligible to receive old age benefits. Respondent appealed, again, to the Circuit Court to Newton County where the court, on May 5, 1956, again, rendered judgment finding that the decision of State Department of Public Health and Welfare was arbitrary and unreasonable and remanded the cause for further consideration.

In the trial court's conclusions of law he stated:

1. That the first judgment of the Circuit Court (October 10, 1955) was final, conclusive and binding, and was res adjudicata on the ground that no appeal had been taken from said judgment and no new facts had intervened or had been shown in evidence since said judgment.

2. That the respondent had established a prima facie case of eligibility for old age assistance and that the burden of the evidence then shifted to the Department of Welfare to support by proof that the property was sold by petitioner without receiving fair and reasonable consideration, and

3. That the decision of the Department was arbitrary and unreasonable and not supported by substantial evidence.

We adopt appellant's statement of facts which, respondent states, is substantially correct:

"The parties waived the rules of admissibility of evidence. Respondent first applied for Old Age Assistance in 1940 and it was approved in February, 1941. (The entire transcript of the testimony and evidence of the first hearing, by agreement, was made a part of the record of the second hearing, and, therefore, any citation to the transcript will refer to that of the first hearing, unless otherwise indicated.) Respondent was removed from the rolls in 1943 and did not reapply until December 10, 1946. On December 1, 1925, property at 323 Patterson Street, Neosho, Missouri, was purchased in her name. Affidavits offered into evidence by respondent, her son Aaron Choate, and a third party stated that the property at 323 Patterson Street, Neosho, Missouri, was purchased by Aaron C. Choate and was owned by him, title being purchased in respondent's name only because the wife of Aaron C. Choate was out of town on the date of the purchase of said property. On July 29, 1932, this property was conveyed by her to Eva Rebecca Choate, subject to an unpaid balance of $1,203.80 due on two deeds of trust, which the grantee agreed to pay. Eva Rebecca Choate is the wife of Aaron Choate, who is the only child of respondent. On December 17, 1932, Eva Rebecca Choate and Aaron Choate conveyed the property to Martha A. Choate (Respondent) subject to the two deeds of trust which grantee agreed to pay. Respondent told the case worker on December 10, 1946, that she had paid the deed of trust from her earnings from 1943 to 1946. On March 8, 1948, she signed a statement listing the property belonging to her, in which she listed the property at 323 Patterson Street, Neosho, Missouri, at $2000, subject to a mortgage of $1000. In 1950, she signed a property statement listing the house at 323 Patterson Street as her property, valued at $2000 and subject to a mortgage of $1000. In February, 1951, she likewise signed a statement listing the property at $2000, subject to a mortgage of $1000 to Paul Hays. On January 3, 1954, she signed a property statement listing the home on Patterson Street as owned by her, valued at $3000,

and not subject to a mortgage. During all this time respondent was living in the home at 323 Patterson Street, Neosho, Missouri. On July 16, 1951, respondent executed a deed of the property at 323 Patterson Street, Neosho, Missouri, placing the same in escrow to be delivered to her son, Aaron Choate, upon respondent's death. On January 4, 1954, when the county welfare worker went to respondent's home at 323 Patterson, respondent told her that she had conveyed the home to her son, reserving a life estate for herself, but that the deed had not been delivered. Respondent told the welfare worker at that time that she conveyed the property to her son because she was afraid a neighbor would try to influence her in obtaining the property. The county welfare worker cautioned her at that time about making a conveyance without receiving a fair and valuable consideration. On May 13, 1954, respondent conveyed the property at 323 Patterson Street to her son. There is no contention that he paid respondent any consideration for the property at the time of the conveyance, and there is no evidence that the property has been returned to the respondent. The property has now been sold by her son, Aaron Choate, for a sum between $3000 and $4000. A letter written by the son, Aaron Choate, to Mr. Paul Carver, Attorney for Respondent, July 16, 1955, and entered as evidence by respondent, tends to show that the son sold the property at 323 Patterson Street, Neosho, Missouri, for his mother, respondent, and is holding the proceeds, after deducting from the selling price the expenditures made by him, in trust for the respondent."

Our attention is first directed to respondent's motion to dismiss the appeal. The grounds pleaded for such dismissal are that appellant failed to comply with 42 V.A.M.S. Supreme Court Rule 1.04 in that it failed to furnish respondent with a transcript of the testimony without which respondent is unable to prepare a brief on appeal in compliance with the court rule.

Supreme Court Rule 1.04(e) provides: "The transcript on appeal or any part there-of may be printed if the appellant so desires and, if printed, the printed transcript shall comply with the printing requirements with respect to briefs, and in such event, two printed copies of such transcript shall be served on adverse parties not later than the date on which the appellant shall serve his original brief on the respondent * * *."

Appellant did not serve respondent with a copy of the transcript as required by this rule, and, if the rule is applicable, the motion must be sustained.

■ The right of appeal is purely statutory. Lawrence County, on Behalf of Tunnell v. Johnson, Mo.Sup., 269 S.W.2d 110; Dugan v. Trout, Mo.App., 271 S.W.2d 593; McNabb v. Payne, Mo.App., 280 S.W.2d 854.

■ The Civil Code does not apply to special procedural statutes. Civil Code, Section 505.010 RSMo 1949, V.A.M.S.; Supreme Court Rule 3.02.

■ The Old Age Assistance Act is a special procedural statute governing the rights of appeal and is not a part of the Civil Code. Chapter 208 RSMo 1949, V.A.M.S.

The provisions of the Civil Code are not applicable to the law governing old age assistance benefits, hence, the appellate provisions of the new code do not apply to appeals from the circuit court to courts of appeals in social security cases, as the statute prescribing the manner of such an appeal was not specifically or impliedly repealed by the provisions of that code. M.L.R., Vol. 12, (1947) p. 445; Rosebraugh v. State Social Security Commission, Mo.App., 196 S.W.2d 27.

Under section 208.080 RSMo 1949, V.A.M.S., it is provided that "Every applicant on appeal to the director of the department of public health and welfare shall be entitled to be present, in person and by attorney, at the hearing, and shall be entitled to introduce into the record at said hearing any and all evidence, by witnesses or other-

wise, pertinent to such applicant's eligibility [as defined under the provisions of sections 208.010 and 208.030] and all such evidence shall be taken down, preserved and shall become a part of the applicant's record in said case, and upon the record so made, the director of public health and welfare shall determine all questions presented by the appeal."

Section 208.100—Appeal to circuit court—procedure reads:

"1. Any applicant aggrieved by the action of the director of public health and welfare by the denial of benefits in passing upon the appeal to said director may appeal to the circuit court of the county in which such applicant resides within ninety days from the date of the action and decision appealed from. * * *

"3. Upon the affidavit for appeal, duly executed by the applicant before an officer authorized to administer oaths, being filed with the division within ninety days from the date of the decision of the director of public health and welfare denying benefits to the applicant, the entire record preserved in the case at the time of the applicant's hearing, together with the affidavit for appeal, shall be certified by the director of public health and welfare to the circuit court and the case shall be docketed as other civil cases except that neither party shall be required to give bond or deposit any money for docket fee on appeal to the circuit court.

"4. Such appeal shall be tried in the circuit court upon the record of the proceedings had before and certified by the director of public health and welfare, which shall in such case be certified and included in the return of said director to the court."

Section 208.110—Appeals from circuit court reads:

"Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the director to the circuit court, * * * *".

It is clear from the reading of the statutes governing appeals in old age assistance cases that rule 1.04 is inapplicable. This rule applies to appeals under the Civil Code. The motion to dismiss the appeal is overruled.

Appellant first contends that the trial court erred in concluding that the original judgment of the same court, no appeal having been taken therefrom, was conclusive and binding, and res adjudicata upon the State Department of Public Health and Welfare, appellant.

We think this assignment of error is well taken. The issue involved in this case is whether claimant conveyed her real property within five years preceding the date of the investigation without receiving a fair and valuable consideration. Section 208.010 (1) RSMo 1949, V.A.M.S., Cum.Supp. (1955).

Under section 208.100(5) RSMo 1949, V.A.M.S., it is provided:

"Upon the record so certified by the director of public health and welfare, the circuit court shall determine whether or not a fair hearing has been granted the applicant. If the court shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this law was not granted the individual by said director, or that his decision was arbitrary and unreasonable, the court in such event shall remand the proceedings for redetermination of the issues by said director."

Under this statute the reversal of a case under the Old Age Assistance Law is a general reversal for further proceedings on the issues joined. The trial court did not determine the issues involved nor did he foreclose further inquiry on said issues. Therefore, res adjudicata does not apply. No issues were decided. Bray v. St. Louis-San Francisco Ry. Co., Mo.App., 259 S.W. 2d 132, 138; Creason v. Harding, 344 Mo. 452, 126 S.W.2d 1179, 1183; Denny v. Guyton, 331 Mo. 1115, 57 S.W.2d 415, 419.

The court possibly meant that he was bound by "the law of the case" as declared in his former judgment.

■ Under the "law of the case" where the same facts are presented on the same issues as were presented to the court in a former trial and where the trial court had already declared the general principle of law on said issues, then the trial court is bound by his former declaration of law governing such facts and issues.

■ In Creason v. Harding, supra, the following law was stated, 126 S.W.2d on page 1183 of the opinion:

" ' "The law of the case" applies where a general principle of law is declared as applicable to the facts of the case. If it is remanded generally all issues are open to consideration on a new trial. The pleadings may be amended or new and controlling, facts produced. Often a second appeal presents a totally different case from that appearing on the first appeal. In all cases of general reversal, whether different issues and different evidence appears in the second trial or not, this court, upon a second appeal, if convinced that it has, on the first appeal, announced a rule of law out of harmony with our former rulings or has been mistaken as to some controlling fact (not in the weight of the evidence), may overrule its pronouncement in the former appeal. * * * ' " State ex rel. Anderson Motor Service Co. v. Public Service Commission, 234 Mo.App. 470, 134 S.W.2d 1069; 30 Am.Jur. 914, Judgment, Sec. 170.

In Lonnecker v. Borris, Mo.Sup., 245 S.W.2d 53, 55, this law is stated:

" * * * The adjudication of that appeal and the questions presented constitute the law of this case and of this appeal unless the former ruling was palpably wrong or unless there is a substantial difference in the evidence and the facts upon the two trials. * * * "

■ An examination of the evidence presented in the second hearing before the Commission reveals that additional testimony was offered which, we find, was material. That is, a letter was offered wherein claimant's son, Aaron C. Choate, to whom she had conveyed the property in question, made an itemized statement of the monies received by him from the sale of this property showing that he was holding the purchase price of the property for the use of claimant. He made this statement: "I want to assure you that not one cent of this money has been spent for my personal use."

We think this evidence constitutes a substantial difference from the facts on the first trial, and that the trial court was not justified in remanding the case for further determination by the Commission under the doctrine "the law of the case". However, we likewise believe that the trial court's ruling in the first case was palpably wrong in finding that there was not substantial evidence to support the findings of the Commission.

Respondent, under this allegation of error, makes this statement: "The original judgment of the Circuit Court of Newton County, Missouri, where no appeal having been taken therefrom is conclusive, binding and res adjudicata."

To support this contention State ex rel. Anderson Motor Service Co. v. Public Service Commission, 234 Mo.App. 470, 134 S.W.2d 1069 is cited. This case, 134 S.W. 2d on page 1075, quotes from 4 C.J. pages 1106, 1107, the rule of law as follows:

■ " 'As a general rule the doctrine of law of the case applies to all questions of law identical with those on the prior appeal, and on the same facts, and to such questions only. The doctrine is rarely, and in a very limited class of cases, applied to matters of evidence as distinguished from rulings of law, and a decision on appeal on a question of fact does not generally become the law of the case, nor estop the parties on a second trial from showing the true state of facts.' " See, also, 5 C.J.S., Appeal and Error, § 1834.

In the present case, the trial court, in its judgment, was passing upon the sufficiency of the evidence. It found that there was not substantial evidence to prove the issue involved and that the judgment of the Commission was arbitrary and unreasonable. Under the law cited by respondent the law of the case does not apply.

Appellant, under its second contention, complains that the trial court erred in concluding that respondent established a prima facie case of eligibility for old age assistance and that the burden of evidence then shifted to the State Department of Public Health and Welfare to support by proof that the property was sold by respondent without receiving fair and reasonable consideration; that the burden of proof of eligibility is upon the respondent.

We held in Linton v. State Department of Public Health and Welfare, Mo.App., 252 S.W.2d 841, 843, (2) that:

 "The law is well settled that the applicant for old age assistance has the burden of proving eligibility." Brattin v. State Social Security Commission, Mo.App., 194 S.W.2d 536; Bare v. State Social Security Commission, Mo.App., 187 S.W. 2d 519; Edwards v. State Social Security Commission, Mo.App., 187 S.W.2d 354.

The same rule of law was declared in Bollinger v. State Department of Public Health & Welfare, Mo.App., 254 S.W.2d 257, 259, and the case of Linton v. State Department of Public Health & Welfare, supra, and other cases were cited.

In Ellis v. State Department of Public Health & Welfare, Mo.Sup., 285 S.W.2d 634, the court held that a certificate of physical incapacity is necessary as a condition precedent to being placed on the rolls to receive benefits, nevertheless, a certificate of physical capacity does not automatically remove one from the rolls and conclusively deprive him of the right to receive benefits. It requires competent substantial evidence to do that, after claim-

ant has made a prima facie case. Of course, a claimant has the burden of proof, citing McBee v. State Social Security Commission, Mo.App., 188 S.W.2d 349.

In the instant case the trial court held that the property conveyed was never the property of claimant, and, therefore, there was not substantial evidence to support the findings of the Commission that claimant conveyed her real estate within five years preceding the date of the investigation without receiving fair and valuable consideration for said property, and that such findings were arbitrary and unreasonable. The sole question before this court is whether or not there was substantial evidence to support the findings of the Commission. The authority in no way affects the issue involved.

 An examination of the authorities cited by both appellant and respondent support the rule of law declared in the authorities set out herein that, in passing upon the sufficiency of the evidence to support the findings of the Commission, we do not try the case de novo, but follow the rule that if there is substantial evidence to support the findings of the Commission, such findings must be sustained. Under respondent's points and authorities as to this point, she states:

"This record discloses no competent evidence or evidence of any nature to substantiate the determination of the State Director of Public Health and Welfare."

 With this contention we do not agree. We have stated the evidence in our opinion upon which the Commission made its finding. This evidence shows that claimant conveyed the property in question to her son and daughter-in-law by warranty deed, which conveyance was made without consideration. It was contended by respondent that she, in fact, never owned the property. The evidence is that on December 1, 1925, this property was purchased and the deed made to claimant. On July 29, 1932, claimant conveyed the prop-

erty to her son's wife, subject to an unpaid balance of $1,203.80 on two deeds of trust. On December 17, 1932, the property was re-conveyed by claimant's daughter-in-law and son to claimant, subject to the deed of trust, which she agreed to pay. Respondent told the caseworker on December 10, 1946, she had paid these deeds of trust from her earnings from the property. Claimant signed four property statements, the first dated March 8, 1948, the second in 1950, the third in 1951, and the fourth on January 3, 1954, listing this property as belonging to her and stating its value. On July 16, 1951, she executed a deed to the property conveying the same to her son, Aaron Choate, and placing the same in escrow in the bank at Neosho. On January 4, 1954, she told the county welfare worker, in her home, that she had conveyed her property to her son reserving a life estate for herself. She assigned as a reason that she was afraid a neighbor would try to influence her to obtain the property. She was at that time warned by the welfare worker against conveying this property without receiving a fair value therefor. On May 13, 1954, she conveyed to her son, without consideration, the property. The property has now been sold for a consideration of between $3,000 and $4,000. Her son, in a letter, dated July 16, 1955, offered in evidence by respondent, stated that he was not using one cent of the purchase price for his own use, but, after deducting certain expenses in handling the sale, had used the money for claimant.

Aaron Choate is the only child of claimant. He has lived in Texas for many years.

He testified that he lived in this property for seven and one-half years after the purchase in 1925, which would be up until about 1933. Claimant has lived in the property since that time. There is no denial that from 1943 to 1946, at her request, she was removed from the old age assistance rolls, and, from her own statement, during that time earned enough money from the renting of this property to pay off the mortgages which were a part of the purchase price. The very fact that after the property was conveyed to Aaron's wife, they reconveyed it to claimant, and, from claimant's statements, that the property belonged to her was substantial evidence to support the findings of the Commission. Supported further by her son's letter that he was using none of the purchase price of the property for his personal use but was spending all of it for the use of claimant, his mother, we think fully supports our finding that there was substantial evidence to support the findings of the Commission.

Allegation of error numbered III has been passed upon under point II.

It is the order and judgment of this court that the judgment of the trial court be reversed and judgment be entered sustaining the findings of the State Department of Public Health and Welfare.

STONE, J., concurs in result.

RUARK, J., not sitting.