In the ESTATE OF John Byron CORBIN.

Cheryl Mullins and Eric Corbin, Appellants,

v.

Estate of John Byron Corbin and Donald Hutchison, Personal Representative of the Estate of John Byron Corbin, and Jeremiah W. (Jay) Nixon, Attorney General of the State of Missouri, Respondents.

No. WD 59139.

Missouri Court of Appeals, Western District.

Nov. 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied Feb. 26, 2002.

Rodney M. Reinbold, Okanogan, WA, John L. Pursley, Butler, for appellants.

Daniel R. Young, Robert M. Thompson, Kansas City, Kendall R. Vikers, Robert M. Thompson, Kansas City, Kendall R. Vickers, Fred M. Teel, Nevada, for respondents Hutchison and the Estate of John Byron Corbin.

Jeremiah W. (Jay) Nixon, Atty. Gen., Tracy E. McGinnis, Asst. Atty. Gen., Jefferson City, for respondent State of Mo.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, Presiding Judge.

Cheryl Mullins and Eric Corbin appeal from the dismissal of their "Objection to Settlement and Petition Contesting Validity of Will," filed in the Estate of John Byron Corbin, deceased, and the denial of their motion for summary judgment thereon. The appellants are the grandniece and grandnephew of the decedent. In objecting to the final settlement of the personal representative of the decedent's estate, respondent Donald Hutchison, they alleged that the estate had been improperly administered in several respects and that the proposed distribution of the residue of the estate to the *inter vivos* charitable trust created by the decedent, the John Byron Corbin Charitable Trust (the Trust), for which Hutchison and respondents Gene Dines and Lance Sears were trustees, could not be effectuated in that the Trust did not legally exist since it was fraudulently created pursuant to a forged trust instrument. In contesting the probate of the decedent's will, they alleged that the decedent, at the time of its execution, was either incompetent or was acting under duress or undue influence.

The appellants raise seven points on appeal. In both Points I and II, they claim that the probate court erred in dismissing their objections to the personal representative's proposed final settlement in the decedent's estate, along with their petition contesting the will of the decedent, because, although their will contest was time

barred under § 473.083,[1] their objections were timely filed pursuant to § 473.590, so as to invoke the court's continuing jurisdiction to construe the decedent's will under § 474.520. The only difference between the two claims of error is that in Point I the appellants attack the probate court's reliance on § 473.083 in dismissing their objections, whereas in Point II, they attack its reliance on § 516.120. In Points III–VI, they claim on various grounds that the probate court erred in overruling their motion for summary judgment on their objections to final settlement in which they asserted that, as a matter of law and under the undisputed facts alleged, the Trust was required to "refund" $859,842.29 in prior distributions from the decedent's estate, to pass by intestate succession, because the Trust did not legally exist in that it was fraudulently created by a forged trust instrument. In Point VII, they claim that the probate court erred in overruling their motion for summary judgment as to their petition to remove Hutchison as the personal representative of the decedent's estate because on the undisputed facts alleged he had a conflict of interest and had allegedly participated in the forgery of the instrument establishing the Trust.

We affirm.

## Facts

John Byron Corbin died on August 31, 1981, at the age of 87. On September 9, 1981, an affidavit of death, the decedent's last will and testament, and an application for probate and letters were filed with the Probate Division of the Circuit Court of Vernon County. The will was dated April 7, 1981, and was witnessed by the testator's attorney, Gordon R. Boyer and Boyer's partner, Gary Ratzlaff. Their duly sworn "Testimony of Subscribing Witness" was filed with the application.

The testator died without issue or a surviving spouse. Article Second of his will made a cash bequest of $5,000 to his housekeeper, as well as providing her with a lifetime monthly income, generated from a cash fund of $25,000, with any remaining principal to be distributed to the Trust. Article Third of his will made specific cash bequests to the children and grandchildren of his siblings, including $20,000 to each appellant. Article Fourth devised a life estate to the testator's cousin, Catherine Stangle, with a subsequent life estate upon her death to Jerry Stangle, in real property located in Bates County, Missouri. Articles Fifth and Sixth devised an interest in certain farm properties, located in Oklahoma, allowing the then renters thereof to continue renting the property during their lifetimes. Article Seventh of the will bequeathed the residue of the estate, valued in excess of $2.6 million, to the Trust.

The Trust was purportedly established by the decedent on December 31, 1980, pursuant to a written trust instrument, with an initial donation from him of $20,000. The trust instrument was not republished in the will. In fact, a copy of the instrument was not filed in the estate until 1996. The purpose of the Trust, as stated in the trust instrument, was to provide financial assistance for higher education to high school graduates in Colorado, Missouri, Oklahoma, and Kansas. Frances E. Hopkins, a notary public, authenticated the signatures of the decedent, as both settlor and trustee, and Hutchison and Sears, as trustees, as they appeared on the trust instrument.[2]

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. On February 22, 1984, Ms. Hopkins signed an attestation acknowledging the probate court's copy of the Trust as a true and com-

A "Certificate and Order of Probate of the Last Will and Testament of Self–Proved Will" was signed by the probate court on September 11, 1981, and letters testamentary were issued to Hutchison. Notices of letters were mailed to the appellants that same day. The notice to appellant Eric Corbin, whose address in the will was listed simply as "Omak, Washington," was returned undelivered. Notice of letters was also duly published on four occasions in The Daily Mail, located in Nevada, Missouri. In April and May of 1982, the bequests authorized by Article Third of the will were made to the appellants and the other legatees. In that regard, the appellants each received a cashier's check from the estate for $20,000 and a receipt for the same for their execution and return to the personal representative, which indicated that the decedent's estate was pending in "Barton County, MO."

On April 7, 1982, pursuant to Article Seventh of the will, an in-kind distribution of $280,353 in bonds was made from the decedent's estate to the Trust. On August 10, 1983, a further distribution of $577,795.93 was made to the Trust. Over the next sixteen years, the estate remained open, with eight annual settlements being filed. Finally, on May 23, 1999, the personal representative filed a notice of final settlement and petition for final distribution. On September 7, 1999, appellant Mullins filed a "Request for Special Notice of Proceedings," requesting the clerk of the court to send her "special written notice" of documents, filings, and matters "in the administration of this estate." On October 8 and October 11, 1999, she wrote the probate clerk requesting copies of the will, the inventory, and the annual settlements that had been filed in the estate. A petition for approval of final settlement

plete copy of the document she notarized on

and order of distribution was filed on November 5, 1999.

On November 12, 1999, the appellants filed their "Objection to Settlement and Petition Contesting Validity of Will" in the probate court in which they sought to invalidate the will so that the decedent's entire estate would pass by intestate succession or in the alternative, to invalidate the Trust, so that the residual bequest to it would lapse, resulting in the residue's passing by intestate succession. On December 20, 1999, the appellants filed their motion for summary judgment as to their "Objection to Settlement and Petition Contesting Validity of Will." In their motion, they also sought summary judgment on their petition of December 3, 1999, for removal of the personal representative, pursuant to § 473.140, due to a conflict of interest and his alleged participation in the forgery of the instrument establishing the Trust.

On January 26, 2000, the respondents filed a joint motion to dismiss the appellants' objections to final settlement and their petition contesting the will, alleging, *inter alia*, that they were time barred; that the objections were improper in that they failed to state specific grounds for objecting and the modification desired with respect to the final settlement, as required by § 473.590; and that the appellants lacked standing to object to the final settlement in that they were not interested parties in the distribution of the residue estate. The same day, the respondents filed their response to the appellants' motion for summary judgment. Attached to their response were the affidavits of Hutchison and Sears, attesting to the fact that they personally witnessed the settlor sign the trust instrument on December 30, 1980, and that he was competent, of sound

December 30, 1980.

mind, and was not subject to any undue influence or duress at the time.

■ On January 28, 2000, the probate court, via teleconference, took up the respondents' motion to dismiss. The court continued the hearing to allow the parties time to file suggestions. On February 14, 2000, the respondents jointly filed their suggestions in opposition to the appellants' motion for summary judgment. On February 28, 2000, the appellants filed their suggestions in opposition to the respondents' motion to dismiss, along with a reply to the respondents' response to the appellants' motion for summary judgment. On June 15, 2000, the appellants, at the behest of the probate court, filed a memorandum with the court setting out their arguments as to why their will contest and objections were not time barred. On June 19, the appellants filed another memorandum with the court in support of their petition to remove the personal representative, alleging that he had mishandled the decedent's estate and the Trust, a copy of which was forwarded to the Attorney General of Missouri, who is deemed the "proper party to enforce the interests of the general public with regard to a charitable trust." *Hinton v. City of St. Joseph,* 889 S.W.2d 854, 858 (Mo.App.1994) (citation omitted).

On June 26, 2000, the Attorney General sent a letter to the court advising it that he was reviewing the allegations of mismanagement of the Trust estate by Hutchison. On July 3, 2000, the Attorney General filed a motion with the court requesting a stay of any final distribution and an extension of time to file his objections thereto. On September 6, 2000, the Attorney General filed a petition to remove the personal representative and appoint an administrator d.b.n., pursuant to § 473.140, and a "Petition for Accounting" as to the Trust assets, pursuant to § 456.225.2.

On September 7, 2000, the probate court entered its order and judgment dismissing the appellant's objections to final settlement and petition contesting the will finding that "Objections to Settlement filed herein by [the appellants] are barred by limitations set out at Section 473.083 RSMo., and by Section 516.120 RSMo." In addition, the court overruled the appellants' motion for summary judgment. Pending the disposition of the appellants' and Attorney General's petitions to remove the personal representative, the personal representative was ordered by the court to take no further action in the decedent's estate. On September 18, 2000, the appellants filed a motion for reconsideration of the court's order and judgment, which the court denied on October 25, 2000.

This appeal follows.

## I.

■ In Points I and II, the appellants claim that the probate court erred in dismissing their objections to the personal representative's proposed final settlement in the decedent's estate, along with their petition contesting his will, because, in doing so, it erroneously relied on §§ 473.083 and 516.120, in that, although their will contest was admittedly time barred under § 473.083, their objections to final settlement were not barred under either § 473.083 or § 516.120 and were timely filed pursuant to § 473.590,[3] invoking the

---

3. Section 473.590, governing "Objections to settlement" provides:

   Within twenty days after the filing of the final settlement and petition for distribution, or such longer time as may be ordered by the court, any interested person may file written objections thereto. The court may receive and file a final settlement before the date specified in the published notice, or before the date to which the settlement was

court's continuing jurisdiction to construe the decedent's will under § 474.520.[4] For their part, the respondents first contend that the appellants' pleadings asserted nothing more than a will contest, which was dismissed correctly by the probate court as being time barred by § 473.083. As to the appellants' contention that their pleadings also alleged timely objections to the final settlement, the respondents do not dispute that they were timely filed under § 473.590. Rather, they contend that the appellants lacked standing to file their objections because they were not "interested persons," as required by § 473.590 and defined in § 472.010(15). They also argue that even if they had standing to file as interested parties, the appellants' objections to final settlement were deficient because they failed to state specific grounds for objecting and the modifications to the final settlement desired, as required by § 473.590.

▆▆▆ The appellants contend that they are interested parties for purposes of § 473.590, and, therefore, had standing to object to the final settlement of the personal representative in the decedent's estate. "Interested persons," for purposes of § 473.590, are defined in § 472.010(15)

as "heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered . . . This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved[.]" While the appellants were devisees under the decedent's will, having previously received the $20,000 in cash devised to them, this would not make them interested parties for purposes of challenging the distribution of the residue of the estate to the Trust, as they sought to do here. See *In re Estate of Moore*, 889 S.W.2d 136, 137 (Mo.App.1994) (holding that where a party is not an heir or distributee under a residuary clause, he cannot be an interested party simply by a challenge to have the residuary clause declared void, such that he would be an heir at law to the residue). The only way they would be interested parties as to the residue of the decedent's estate would be if the residuum devise to the Trust lapsed such that the residue of the estate would then pass to them, in whole or part, as intestate heirs of the decedent. See § 474.010 (setting forth the priorities as to intestate succession).[5] In that regard,

continued, but in case of such premature filing the twenty-day period for filing objections shall run from the date specified in the published notice or the date to which the settlement was continued, as the case may be. The objections must be in writing and clearly state the specific grounds of objection and the modification desired. If no objections are filed, the court may approve the final settlement and order distribution as prayed, without hearing if it deems such action proper. If objections are filed, or if the court does not deem it proper to approve the final settlement and order distribution as prayed without hearing, a hearing on the matter shall be had.

4. Although not raised in their point relied on, the appellants make some argument in passing that the statute of limitations for contest-

ing the will, § 473.083, had not run as to appellant Eric Corbin because the statute did not begin to run until November 5, 1999, in that he did not receive notice of the probate of the will until that time. We do not address arguments which are not set forth in the point relied on. *Banks v. Village Enters., Inc.*, 32 S.W.3d 780, 793 (Mo.App.2000). Moreover, the appellants admitted at oral argument that their petition contesting the will was time barred.

5. Section 474.010 provides, in pertinent part:

All property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows:

. . .

(2) The part not distributable to the surviving spouse, or the entire intestate property, if

they contend that the Trust was legally a nullity from the beginning in that it was fraudulently created by a forged trust instrument. "A revocation or termination of the trust before the death of the testator shall cause a devise to the trustees of that trust to lapse." § 456.232(2). Logically, if a devise to a revoked or terminated trust lapses, so would a devise to a failed trust, *ab initio,* such that the property sought to be passed by the lapsed devise, in our case the residue of the decedent's estate, would pass by intestate succession, § 474.030; *Theodore Short Trust v. Fuller,* 7 S.W.3d 482, 493 (Mo.App.1999), making the intestate heirs interested parties with respect to the residue of the estate. § 473.590 and § 472.010(15). Hence, the appellants' argument as to why they have standing as interested parties to object to the final settlement in the decedent's estate as to the distribution of the residue rests solely on whether they can successfully attack the legal existence of the Trust. Even assuming, *arguendo,* that such an attack by way of objections to final settlement is permitted, the question still arises, in determining whether the appellants had standing to object, whether such an attack was time barred. If their attack on the Trust was not timely and was, in fact, time barred, then the only basis on which they would have standing to object to the final settlement as to the distribution of the residue would not lie, such that dismissal by the probate court of their objections was proper on that basis.

Initially, we note that there is some confusion as to the basis for the probate court's dismissal of the appellants' objections to final settlement. In that regard, the record reflects that the court's stated basis in its order of dismissal was that the

"Objections to Settlement filed herein by [the appellants] are barred by limitations set out at Section 473.083 RSMo., and by Section 516.120 RSMo." The confusion initially arises from the court's reference to § 473.083 in that, as the appellants point out, it pertains solely to will contests. We can only assume that, although expressly referencing that section as to its dismissal of the appellants' objections to final settlement, it was citing it as the basis for its dismissal of the appellants' petition alleging a will contest for being out of time, on which issue there is no real dispute on appeal.

Further confusion arises from the court's reference in its order to § 516.120, which sets forth those actions which must be brought within five years of accrual, but does not speak to the timely filing of objections to final settlements, which are expressly governed by § 473.590, requiring them to be filed within twenty days of receipt of notice of final settlement. While, as noted, *supra,* there is no dispute that the appellants' objections were timely filed under § 473.590, there is a dispute over whether their challenge to the legal existence of the Trust, on the basis of fraud, was time barred such that they lacked standing to object to the final settlement, so that the probate court was justified in dismissing their objections on that basis. In that regard, we note that § 516.120(5) pertains to actions in fraud. Bearing this in mind, we are inclined to believe that the probate court dismissed the appellants' objections to final settlement pursuant to § 516.120(5), finding that their challenge to the Trust was time barred such that the appellants could not establish that they were interested parties

there is no surviving spouse, shall descend and be distributed as follows:

(a) To the decedent's children, or their descendants, in equal parts;

(b) If there are no children, or their descendants, then to the decedent's father, mother, brothers and sisters or their descendants in equal parts[.]

in the residue of the estate and, therefore, lacked standing to object to the final settlement on the basis of fraud as to the creation of the Trust. In any event, whether that section was, in fact, the basis for the probate court's dismissal of the appellants' objections, inasmuch as we are to affirm its dismissal on any ground supported by the record, Rule 73.01(c),[6] if we find that the appellants' challenge to the Trust was time barred, we will affirm the court's order dismissing the appellants' objections to the personal representative's proposed final settlement in the decedent's estate.

■ In reviewing to determine whether the probate court erred in dismissing on the pleadings the appellants' objections, we are to grant the pleadings their broadest intendment, treating all facts alleged as true and construing them favorably to the appellants to determine whether the averments invoke substantive principles of law, which would entitle them to relief. *Estate of Dean v. Morris*, 963 S.W.2d 461, 464 (Mo.App.1998) (citation omitted). Applying this standard to the appellants' objections, it is evident that the appellants would only have had standing to object to the final settlement based on their allegations that the Trust was a nullity because it was fraudulently created by a forged trust instrument, such that it was void. § 456.010. The issue then for us to decide is whether on the face of the appellants'

pleadings it was clear that they lacked standing to object to the final settlement as intestate heirs of the deceased in that their attack on the Trust was time barred such that the probate court was correct in dismissing their objections.

■ Section 516.300 provides that specific statutes of limitations are to control over the general statutes of limitations found in Chapter 516. As to actions for fraud in trust proceedings, § 456.630.1[7] provides a two-year statute of limitations from the time of discovery, but in no event is an action permitted to be filed after ten years has elapsed from the commission of the fraud. This subsection, however, would have no application in our case in that it further provides: "This section has no bearing on remedies relating to fraud practiced on a settlor during his lifetime which affects validity of a trust or succession to its assets." Obviously, alleged fraud with respect to whether the decedent signed the trust document creating what otherwise qualified as an *inter vivos* trust, such as in this case, would fall into this category such that § 456.630 would have no application. Our review of Chapter 456, which governs trusts and trustees, reveals that there are no other sections pertaining to trust contests. And, our research discloses that our appellate courts have not previously addressed the issue of what statute of limitations would apply in a trust contest where § 456.630 is found not

---

6. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

7. Section 456.630 provides, in pertinent part:
   1. Notwithstanding any provision of law to the contrary, whenever fraud has been perpetrated in connection with any proceeding under this chapter or if fraud is used to avoid or circumvent the provisions of purposes of this chapter, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud, including restitution from any person, other than a bona fide purchaser, benefiting from the fraud, whether innocent or not. Any such proceeding must be commenced within two years after the discovery of the fraud but no proceeding may be brought against one not a perpetrator of the fraud later than ten years after the time of commission of the fraud. This section has no bearing on remedies relating to fraud practiced on a settlor during his lifetime which affects validity of a trust or succession to its assets.

to apply. *See* I Mo. Trusts, Powers of Attorney, Custodianships, and Nonprobate Matters § 6.40 (MoBar 1998, 2001). Thus, in determining whether the appellants had standing to file their objections to final settlement based on their attack on the Trust, we first must address the issue of what statute of limitations would apply to their trust contest.

█ Section 516.100 provides that civil actions, other than those for the recovery of real property, are to be commenced within the periods prescribed in sections 516.100 to 516.370. Section 516.110(3) provides that "[a]ctions for relief, not herein otherwise provided for" are to be commenced within ten years of accrual. The question then is whether one of the statutes of limitations found in §§ 516.100 to 516.370 would otherwise apply. Other than the five-year statute of limitations found in § 516.120(5), governing fraud actions, our review of §§ 516.100 to 516.370 [8] would indicate that none of the statutes would apply here.[9]

█ Section 516.120(5) provides that an action in fraud must be brought within five years of accrual and that such cause of action is "deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Thus, under this section, the five-year limitation prescribed does not commence to run until the fraud is discovered, but limits the time within which discovery must occur to ten years. *Community Title Co. v. U.S. Title Guar. Co., Inc.*, 965 S.W.2d 245, 252 (Mo.App. 1998) (citation omitted). Thus, regardless of the circumstances surrounding the aggrieved party's opportunity to discover the fraud, an action for fraud can be brought, at the latest, fifteen years after its commission. *Id.* at 253 (citation omitted).

█ From the appellants' pleadings it is clear that the alleged fraudulent trust document, which is deemed to have established the Trust in question, was purportedly signed by the settlor on December 31, 1980. Thus, pursuant to § 516.120(5), the appellants had at the very latest until December 31, 1995, to contest the Trust on the basis of fraud in its creation. This they failed to do in that the pleadings reflect that they did not contest the Trust until November 12, 1999, when they filed their objections to the final settlement in the decedent's estate. Thus, from the appellants' pleadings, it is clear that their collateral challenge to the Trust was time barred by § 516.120(5) so that, contrary to the appellants' objections, the residue of the decedent's estate would rightfully pass to the Trust, in accordance with the decedent's last will and testament, such that they were not interested parties under § 473.590, depriving them of standing to object to the final settlement in the dece-

8. Although § 516.100 only speaks with respect to those statutes of limitations found in §§ 516.100 to 516.370, we would note that § 516.371 provides for a ten-year statute of limitations for actions for damages for personal injuries caused by sexual abuse by a person related within the third degree of affinity or consanguinity. In any event, it clearly would have no application here.

9. Section 516.105, limits actions as to health-care providers; § 516.110(1) and (2), limits actions on written promises to pay money and breaches of warranty deeds; § 516.130, limits actions against public officials acting in their official capacities; § 516.140, limits actions for libel, slander, assault, battery, false imprisonment, criminal conversation malicious prosecution, or actions under § 290.140, and actions by employees for failure to pay minimum wages or overtime compensation; and § 516.145 limits actions by offenders, as defined in § 217.010, against the department of corrections or any entity or division thereof, or any present or former employee acting in his or her official capacity or failing to act with respect to an official duty.

dent's estate as intestate heirs under § 474.010. Hence, although the appellants' objections to the final settlement, based on their allegations of fraud as to the creation of the Trust, were not directly time barred by § 516.120, as the probate court's order of dismissal would seem to state, they were indirectly barred thereby. And, inasmuch as we are to affirm the decision of the probate court dismissing the appellants' objections on any ground supported by the record, Rule 73.01(c), we find that the probate court did not err in dismissing on the pleadings the appellants' objections to final settlement.

Points I and II denied.

Given our disposition of Points I and II, we need not address, as being moot, the appellants' claims of error in Points III–VI.

## II.

 In Point VII, the appellants claim that the probate court erred in overruling their motion for summary judgment as to their petition to remove Hutchison as the personal representative of the decedent's estate because on the undisputed facts alleged he had a conflict of interest and had allegedly participated in the forgery of the instrument establishing the Trust. Absent special circumstances, we do not review the denial of a motion for summary judgment. *Calarosa v. Stowell*, 32 S.W.3d 138, 144 (Mo.App.2000) (citation omitted). Here, we find no special circumstances justifying our review.[10]

### Conclusion

The judgment of the Probate Division of the Circuit Court of Vernon County, Missouri, dismissing, on the pleadings, the appellants' "Objection to Settlement and Petition Contesting Validity of Will," is affirmed.

HOWARD and HOLLIGER, JJ., concur.

---

10. Although the petitions of the appellants and the Attorney General seeking to remove the personal representative are still pending, review of the appellants' other claims is proper under the certification of the probate court, pursuant to Rule 74.01(b), that "there is no just reason for delay."