In the ESTATE OF John Byron CORBIN, Deceased, Respondent,

Cheryl Mullins, Appellant;

Eric Corbin, Defendant,

v.

Donald Hutchison, Personal Representative of the Estate of John Byron Corbin, Respondent,

State of Missouri, Respondent.

No. WD 64661.

Missouri Court of Appeals, Western District.

June 28, 2005.

Rehearing Denied Aug. 2, 2005.

---

Stephen Mirakian and Francis M. Hanna, Kansas City, for Appellant.

Daniel Roy Young, Kansas City, for the Estate.

Kendall Reid Vickers, Nevada, Donald Hutchinson, Tracy Elaine McGinnis, Jefferson City, for State.

RONALD R. HOLLIGER, Judge.

Cheryl Mullins appeals the judgment of the circuit court overruling her objections to and approving the amended final settlement in the estate of John Byron Corbin, deceased. She contends that the trial court erred in overruling her objections on

the grounds that she did not have standing to raise the objections. Her argument is premised upon the law of the case as established in a prior appeal involving the estate. While we agree that a selective view of the law of the case doctrine supports Mullins' legal standing to make objections to the proposed final settlement, we conclude that she is barred from bringing those claims due to the same doctrine and that the trial court properly overruled her objections.

### Factual and Procedural Background

This is the second appeal arising from probate proceedings concerning the estate of John Byron Corbin, the first appeal to this court being *In re Estate of Corbin,* 66 S.W.3d 84 (Mo.App.2001) (hereinafter "*Corbin I*"). We will not engage in a detailed recapitulation of the facts underlying *Corbin I*. However, a brief summary of the relevant factual and procedural background of the earlier action serves to frame the issues in the present appeal.

The underlying dispute involves an attack upon the residuary devise made in John Byron Corbin's last will and testament. That residuary clause distributed to the John Byron Corbin Charitable Trust (hereinafter "Trust"), any property not otherwise disposed of via other provisions in the will. *Id.* at 86. Cheryl Mullins and Eric Corbin, John Byron Corbin's grandniece and grandnephew, respectively, filed objections to the proposed final settlement of the estate. *Id.* They argued that the transfer to the trust was invalid on the basis that the Trust was the product of a forged trust instrument. *Id.* The trial court dismissed the objections to the final settlement on the grounds that they were time-barred. *Id.* at 89. Mullins and Eric

Corbin appealed, and this court subsequently affirmed the trial court's dismissal. *See id.* at 94.[1]

Following the appeal in *Corbin I,* the personal representative again sought approval of the proposed final settlement of the estate. Cheryl Mullins and Eric Corbin again brought objections to the proposed settlement, raising three grounds in opposition. First, they contended that the trust was never signed by the testator, in that the signature on the trust documents was not, in fact, the testator's signature. Second, they argued that the trust failed due to lack of an *inter vivos* transfer funding the trust. Lastly, they suggested that the existence of the trust has never been properly proved in the probate action. The Personal Representative responded that both Cheryl Mullins and Eric Corbin were barred from raising these issues under the law of the case doctrine.

On August 3, 2004, the probate court entered its judgment overruling the objections lodged by Mullins and Eric Corbin and approving the amended final settlement of the estate. Mullins, alone, appeals the probate court's judgment.

### Discussion

Mullins raises only one point on appeal, contending that the trial court erred in overruling her objections to the proposed final settlement of the estate because she had standing, as a matter of law, to object to the settlement. She contends that her objections, if taken as true, constituted "a timely and legally cognizable objection to the existence of the trust and to distribution of assets allegedly comprising the trust corpus." She argues that the three objections raised before the trial court

---

1. Additional factual detail regarding the history of this case prior to the first appeal may be found in the *Corbin I* opinion.

were not time barred and that, as a result, this court's decision in *Corbin I* compelled the conclusion that she had standing to raise the objections.

### I. Standard of Review

The parties disagree on what standard of review is applicable in the present manner. Mullins argues that the trial court should apply the same standard of review applied in *Corbin I*. That appeal concerned a dismissal for failure to state a claim. She apparently takes the position that the present matter arises in the same context, contending that we should "grant the pleadings their broadest intendment, treating all facts alleged as true and construing them favorably to the appellants to determine whether the averments invoke substantive principles of law, which would entitle them to relief." *Corbin I*, 66 S.W.3d at 92.

Respondents, in turn, argue that the *Corbin I* standard should not be applied in the present appeal. Instead, they suggest that the trial court's determination that Mullins lacked standing to object to the final settlement was a final judgment on a jurisdictional issue and that we should employ the standard of review of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that standard, we are to affirm the judgment unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court misstated or misapplied the law. *Id.* In support of their position, Respondents rely on *In re Robinson*, 791 S.W.2d 844 (Mo.App.1990), and *In re Estate of Weddle*, 84 S.W.3d 144 (Mo. App.2002). *Robinson* was an appeal from a trial court's judgment on the merits concerning a claim against a decedent's estate. 791 S.W.2d at 845. *Weddle* concerned an appeal from the approval of a final settlement where the trial court sum-

marily denied objections filed without first conducting a hearing to determine whether the objecting individuals qualified as "interested parties" with standing to raise such objections. 84 S.W.3d at 148.

■ The present appeal is from the judgment approving the proposed final settlement, and it recites that "the objections of Cheryl Mullins and Eric Corbin to the Amended Final Settlement and proposed Order of Distribution is hereby overruled." This would appear, at first glance, to be a disposition on the merits, making it similar to *Robinson*. However from the record on appeal, it does not appear that the court conducted any hearing on the issue, but was instead merely ruling upon the Personal Representative's motion to dismiss the objections filed by Mullins and Eric Corbin. Put another way, it was a disposition on the pleadings, making it similar to *Corbin I*. It is that standard which we apply to the present appeal.

### II. The Law of the Case Doctrine

Both parties appear to agree that resolution of this matter turns upon application of the law of the case doctrine. Each disagrees, however, as to the effect that doctrine has in the context of the factual and procedural history of this case. Respondents claim that Mullins' arguments before the probate court are barred under the doctrine as an attempt to relitigate the facts and issues determined in the first appeal. Mullins, in turn, argues not only that her position is not barred under the doctrine but also takes the position that the doctrine firmly establishes her right to raise objections to the final settlement of the estate.

■ The law of the case doctrine applies in situations of successive adjudications arising from the same facts and issues. *Shahan v. Shahan*, 988 S.W.2d 529, 533 (Mo. banc 1999). The doctrine pro-

vides that an adjudication precludes relitigation of those facts and issues. *State ex rel. Alma Tel. Co. v. Pub. Serv. Comm'n,* 40 S.W.3d 381, 388 (Mo.App.2001). Mullins takes the position that "holdings in earlier litigation become binding only to the extent that they were *'presented and decided'* in the earlier litigation." Her position is an incomplete statement of the law of Missouri, however. The Supreme Court has consistently held that the law of the case doctrine extends not only to issues expressly presented and decided in prior litigation, but also *"all matters that arose before the first adjudication and might have been raised but were not."* *Williams v. Kimes,* 25 S.W.3d 150, 154 (Mo. banc 2000) (emphasis added) (quoting *State v. Johnson,* 22 S.W.3d 183, 189 (Mo. banc 2000)); *Shahan,* 988 S.W.2d at 533; *Norris v. Bristow,* 361 Mo. 691, 236 S.W.2d 316, 319 (1951). The "failure to raise points in a prior appeal means that a court later hearing the case need not consider them." *Williams,* 25 S.W.3d at 154.

■ This Court has described the law of the case doctrine as " 'more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice.' " *Hankins v. Hankins,* 864 S.W.2d 351, 353 (Mo.App.1993). This is not to say that the doctrine is not without exception, however. The law of the case doctrine is a rule of policy and convenience, and courts have discretion to refuse to apply the doctrine in certain circumstances. *Alma Tel.,* 40 S.W.3d at 388. For example, where the first adjudication was based upon a mistaken fact, the doctrine should not be applied. *Id.* Another exception is when the law has changed since the original adjudication. *Id.* A court may also have discretion to refuse to apply the doctrine when adherence to the original adjudication would result in a manifest injustice to a party. *Id.*

Additionally, this district has held that application of the doctrine may be inappropriate after a remand when the issues and evidence presented in proceedings subsequent to the original adjudication "are substantially different from those vital to the first adjudication and judgment." *Id.* One such circumstance occurs when the factual underpinnings of the original adjudication changed after that adjudication. *See State ex rel. Anderson Motor Serv. Co. v. Pub. Serv. Comm'n,* 234 Mo.App. 470, 134 S.W.2d 1069, 1075 (1939), *adopted by State ex rel. Anderson Motor Serv. Co. v. Pub. Serv. Comm'n,* 348 Mo. 613, 154 S.W.2d 777 (1941). The other circumstance involves introduction of new facts and issues following a general remand. *Pinkston v. Ellington,* 845 S.W.2d 627, 629 (Mo.App. 1992).

### III. Application of the Doctrine

■ Keeping these principles in mind, the threshold question we must ask is whether the issues Mullins raises in the present appeal were decided in *Corbin I* or could have been raised in that action. If so, then the law of the case doctrine would generally bar her from relitigating those issues unless one of the grounds discussed above applies for refusing to apply the doctrine to the case at bar.

As outlined above, the central claim raised by Mullins and Eric Corbin in *Corbin I* was that the residuary devise lapsed on the grounds that the devisee was an *inter vivos* trust that was the result of a forged trust document. On appeal, this court acknowledged that Mullins and Eric Corbin were originally "interested persons" entitled to object (having standing) to the final settlement of the estate. *Corbin I* 66 S.W.3d at 91. We reached this conclusion on the basis that, if the Trust was not properly created, the residuary clause of the will would lapse, and that, as

a result, they would be entitled to shares in the residue of the estate via intestate succession. *See id.*

Our analysis did not stop there, however. Specifically, we held that the status of Mullins and Eric Corbin as "interested persons" persisted so long as their claim remained viable under the applicable statute of limitations. *Id.* Again, that claim was that the trust was invalid because the trust document had been forged, a claim based on fraud. *Id.* Under the applicable statute of limitations, the latest date that the issue could have been raised was December 31, 1995. *Id.* at 93. Given that the first time Mullins and Eric Corbin challenged the Trust was November 12, 1999, this court held that the claim was time-barred under the statute of limitations. *Id.* Consequently, we concluded that they no longer had standing to contest the final settlement based upon the fraud issue alleged. *Id.*

Mullins, in the present appeal contends that the probate court erred in dismissing her objections to the final settlement because it was the law of the case that she had standing to object to that settlement on the grounds that she was an "interested person" because, if her objections were sustained, the trust would be invalid. This, in turn would cause the residuary clause in the will to lapse, rendering her entitled to a share of the residue of the estate through intestate succession. The propositions Mullins relies upon are, indeed, part of the law of this case. *See Corbin I,* 66 S.W.3d at 90–91. However, as we discuss below, that same doctrine operates to bar her from raising her present objections to the proposed final settlement.

Mullins argues that she is entitled to raise the following three objections to the proposed final settlement: (1) that the Trust was not properly funded during the testator's lifetime and, therefore, never came into existence and could not be the recipient of a testamentary disposition in the testator's will; (2) that the trust documents were never properly admitted into the probate proceeding; and (3) that the signature on the trust documents is not the testator's signature. Our first question is whether any of these objections were raised in the course of *Corbin I.*

Mullins' third objection appears to be nothing more than a reformulation of the issues presented in *Corbin I.* As outlined above, Mullins, together with Eric Corbin, argued in *Corbin I* that the trust documents had been forged. While the merits of that issue were not directly addressed in *Corbin I,* this court held that such a challenge was time-barred. In the present appeal, while she does not expressly argue that the signature was a forgery, she alleges that the signature on the documents is not that of the testator. This is nothing more than a recasting of her claims in *Corbin I,* as the central issue to each claim concerned the authenticity of the John Corbin's signature on the trust documents.

Mullins' remaining claims are that the trust documents were never properly introduced in the probate proceeding and that the trust was not properly funded during the testator's lifetime and, therefore, never came into existence. These issues were apparently not raised in the proceedings leading to *Corbin I.* While not litigated in *Corbin I,* there appears to be no question that these two issues could have been raised and litigated in the prior proceeding. Thus, they would also fall within the law of the case doctrine, which bars not only matters that were raised and decided in the prior adjudication, but also any matters that could have been raised in that prior proceeding. *Williams,* 25 S.W.3d at 154.

As outlined above, courts have discretion to decline to apply the doctrine in situations where the facts and issues presented "on *remand* are substantially different from those vital to the first adjudication and judgment." *Alma Tel.*, 40 S.W.3d at 388. *See also Norris v. Bristow*, 361 Mo. 691, 236 S.W.2d 316, 319 (1951). A distinguishing factor, here, is that the there was no remand in *Corbin I*. Instead, the dismissal of the objections in *Corbin I* was affirmed by this court. The matter is back before this court merely due to the fact that the probate proceedings were still pending and because the personal representative filed an amended final settlement to which Mullins, again, objected.

This situation is also unlike those circumstances, as in *State ex rel. Anderson Motor Service Company v. Public Service Commission*, 234 Mo.App. 470, 134 S.W.2d 1069 (1939), in which, in the time between the first and subsequent appeal, "the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." *Id.* at 1075. Here, there have been no additional factual developments in the case since the decision in *Corbin I* that have bearing on the issues raised in the present appeal. Indeed, the facts presented by Mullins below were in existence at the time she litigated the claims in *Corbin I*, but apparently elected not to raise them.

■ As stated above, the law of the case doctrine not only bars a party from relitigating claims that were raised and decided in a prior adjudication, but also all other matters that the party could have raised in that prior proceeding but did not. *Williams*, 25 S.W.3d at 154. Of the three objections she sought to raise before the circuit court, one is merely a recasting of her objection in *Corbin I*. The remaining objections could have been raised in that earlier proceeding but were not. Mullins

presents no persuasive reason why that principle should not apply to any of those objections, here. We, therefore, deny Mullins' sole point on appeal and affirm the judgment below.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.